IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL J. HASKINS, JR., | : |
| Petitioner, | : |
| v. | : C.A. No. 13-1643-LPS |
| STATE OF DELAWARE and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I. BACKGROUND**

In December 1989, Petitioner Carl J. Haskins Jr. ("Petitioner") pled guilty to one count of rape in the second degree. *See Haskins v. Williams*, 919 A.2d 561 (Table), 2007 WL 704122, at *1 (Del. Mar. 8, 2007). The Delaware Superior Court sentenced him to twenty-five years of imprisonment. In December 2001, Petitioner was released from incarceration and placed on parole. He violated the terms of his release, and in October 2005, the Board of Parole revoked his parole and ordered him to serve the balance of his sentence. *Id.* Petitioner is no longer incarcerated, and it appears that his sentence completely expired on December 9, 2010. *See Haskins v. State*, CA No. 10-10-HB, Memorandum and Order at 2 (D. Del. Jan. 22, 2010).

The Court is well-acquainted with Petitioner's history, as the current submission is his eighth filing in this Court. Petitioner applied for federal habeas relief in 1988, 1990, 1995, 1997, 2000, 2003, and 2010. The first petition was dismissed for failure to exhaust administrative remedies. *See Haskins v. Ellingsworth*, CA No. 88-631-LON (D. Del. May 30, 1990).

Petitioner's second petition was dismissed on the merits. *See Haskins v. Supreme Court of Delaware*, CA No. 90-739-RRM (Sept. 1, 1992). His third petition was found to be an abuse of the writ. *See Haskins v. Snyder*, CA No. 95-382-RRM (D. Del. Apr. 2, 1996). And finally, Petitioner's fourth, fifth, sixth, and seventh petitions were dismissed as second or successive. *See Haskins v. Snyder*, CA No. 97-595-RRM (D. Del. Apr. 8, 1998); *Haskins v. Snyder*, CA No. 00-923-RRM (D. Del. Oct. 30, 2000); *Haskins v. State*, CA No. 03-817-KAJ (D. Del. Sept. 24, 2003) (motion for temporary restraining order construed as petition for habeas corpus relief under 28 U.S.C. §2254); *Haskins v. State*, CA No. 10-10-HB (D. Del. Jan. 22, 2010).

Presently pending before the Court is a document filed by Petitioner titled "Petition for a Temporary Restraining Order and Preliminary Injunction." (D.I. 2) Petitioner asks the Court to order the State of Delaware to stop illegally prosecuting him in any form with respect to his 1989 conviction for second degree rape.

## II. LEGAL STANDARDS

An injunction or temporary restraining order is an extraordinary remedy[1] that is only available when the petitioner establishes the following four elements: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (a movant's failure to establish any one of these four factors renders injunctive relief improper).

---

[1] *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

## III. DISCUSSION

Petitioner contends that the Delaware trial court never established jurisdiction over his case because he was originally indicted and charged with first degree rape under 11 Del. Code Ann. § 764, but then illegally re-indicted under a new statute for unlawful sexual intercourse under 11 Del. Code Ann. § 775. (D.I. 2 at 1-2) He vaguely asserts that the State of Delaware is continuing to prosecute him with respect to his 1989 conviction. However, this vague contention fails to satisfy any of the four requirements for injunctive relief. Notably, Petitioner has not provided any details regarding the State's alleged continuing prosecution, and the fact that his illegal indictment argument has previously been rejected by the Delaware state courts and this Court on numerous occasions precludes his ability to demonstrate that his argument is likely to succeed on the merits.[2] Petitioner also fails to allege any facts establishing that he will suffer irreparable harm without the injunction, or that the public interest would be better served by granting the injunction. For all of these reasons, Petitioner has failed to satisfy his burden of establishing the prerequisites to this Court's grant of injunctive relief. Accordingly, the Court will deny the instant Petition.

To the extent the Petition should be construed as a request for habeas relief, it is similarly unavailing. Although federal courts are required to liberally construe *pro se* filings, *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998), a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," *see* Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal

---

[2]*See In re Haskins*, 929 A.2d 784 (Table) 2007 WL 1631051 (Del. June 7, 2007); *In re Haskins*, 655 A.2d 307 (Table), 1995 WL 13441, at *1 (Del. Jan. 11, 1995) (noting Petitioner's repetitive and meritless litigation of the validity of his indictment).

district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a).

In this case, Petitioner was not "in custody" for § 2254 purposes when he filed the instant Petition, because he is no longer incarcerated or on parole, and his sentence has been completely discharged. *See Pringle v. Ct. Comm. Pl.*, 744 F.2d 297 (3d Cir. 1984) ("Custody [] has been liberally defined to include persons on parole, those released on their own recognizance pending appeal, and those who have been released from confinement pursuant to 18 U.S.C. § 4164.") As such, if the Petition does constitute a request for federal habeas relief, the Court does not have jurisdiction to consider it.[3]

## IV. MOTION

During the pendency of this proceeding, Petitioner filed a Motion to for Leave to Proceed *In Forma Pauperis*. (D.I. 5) The Court will grant this Motion for the limited purpose of filing the instant Petition.

## V. CONCLUSION

For the reasons set forth above, the Court will deny the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir.

---

[3] The Court acknowledges that Petitioner's vague contention regarding the State's continuing prosecution may be referring to a requirement that he register as a sex offender. Even if this is the case, Petitioner's ongoing registration obligation under the Delaware Code does not satisfy the "in custody" requirement for federal habeas relief. *See Williams v. Dist. Att'y Allegheny County*, 2010 WL 4388073, at *7-8 (W.D. Pa. Oct. 29, 2010) (collecting cases).

L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: July 31, 2014

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL J. HASKINS, JR., | : |
|        Petitioner, | : |
| v. | :   C.A. No. 13-1643-LPS |
| STATE OF DELAWARE and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|        Respondents. | : |

At Wilmington, this 31st day of July, 2014, for the reasons set forth in the Memorandum issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Carl J. Haskins Jr.'s Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) is **GRANTED** for the limited purpose of filing the instant Petition.

2. Petitioner Carl J. Haskins Jr.'s Petition for Temporary Restraining Order and Preliminary Injunction (D.I. 2) is **DENIED**. To the extent the Petition constitutes a request for federal habeas relief, it is **DISMISSED** for lack of jurisdiction.

3. The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

4. The Clerk shall close this case, and send a copy of this Memorandum and Order to Petitioner at his address on record. *See* Rule 4, 28 U.S.C. foll. § 2254.

                                                                                                         UNITED STATES DISTRICT JUDGE